JOURNAL ENTRY AND OPINION
{¶ 1} Appellant mother, J.J.,[1] appeals from the judgment of the Juvenile Court that granted permanent custody of her child, J.D., to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). On appeal, J.J. alleges that the trial court erred by failing to sua sponte "require the input of a psychiatrist on the behalf of the appellant" where, she alleges, her mental health was "clearly at issue." For the reasons that follow, we affirm.
 {¶ 2} On April 11, 2002, the trial court awarded CCDCFS temporary custody of J.D., the son of J.J. and F.D. In July 2002, CCDCFS filed a motion to modify temporary custody to permanent custody. Trial commenced on April 24, 2003. The father stipulated to the allegations of CCDCFS' motion and further agreed that awarding permanent custody to CCDCFS was in the best interest of his son. The matter proceeded upon the motion with regard to the parental rights of J.J. The trial court heard the testimony of the family advocate, the social worker, and the case manager who facilitated visits between mother and child. In addition, both the guardian ad litem for the mother and the guardian ad litem for the child participated in the trial proceedings.
 {¶ 3} J.J. gave birth to J.D. on May 15, 2001. The record reflects that CCDCFS became involved at the outset of J.D.'s birth due to J.J's psychological issues, in addition to her exposing the infant to drugs. J.J. reportedly admitted to punching herself in the stomach to hurt the baby in an effort to affect the father of the child. Both J.D.'s mother and father admitted history of drug abuse. J.J. had a "dual diagnosis" of drug and alcohol dependency along with being diagnosed with depression. The record reflects J.J.'s failure to complete numerous rehabilitation programs, which included both in-patient and out-patient referrals. On occasion, J.J. neglected to fill her prescriptions for medication, failed to take her medications, and generally denied having any psychological problems.
 {¶ 4} While J.D. remained in foster care, J.J. was incarcerated for a period of six months relating to her drug use. J.J. testified that she had abused cocaine just two weeks prior to the hearing on CCDCFS' motion for permanent custody.
 {¶ 5} Upon consideration of the evidence, the trial court found, as follows: "that reasonable efforts were made by the [CCDCFS] to prevent the continued removal of the child from the home and to finalize a permanency plan to wit: case plan, drug and alcohol assessment and treatment referral, parenting education referral, housing referral, mental health counseling referral, anger management referral and G.E.D. referral. That following the placement of the child outside the home, the parents failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside of the home. After considering all the relevant factors under2151.414(D)(1)-(5) the Court finds permanent custody is in the child's best interest." (R. 87).
 {¶ 6} It was the opinion of J.D.'s guardian ad litem and all of the witnesses (excepting J.J.), that the child could not be reunited with the parents in the near future. The trial court found that clear and convincing evidence supported that conclusion, and found that it was in the best interest of the child to award permanent custody to CCDCFS. J.J.'s appeal assigns a single error for our review, which states:
 {¶ 7} "I. The trial court committed reversible error by failing to refer the appellant for a contemporaneous mental health evaluation where the mental health condition of the appellant had been a concern throughout the appellant's involvement with the appellee."
 {¶ 8} J.J. maintains that she was denied due process by the trial court's failure to sua sponte order a mental health examination of her to aid in defense of the agency's effort to obtain permanent custody. While it is true that the due process clause of the United States Constitution may require the court to appoint a psychiatrist to assist an indigent parent in permanent custody proceedings where mental health is made an issue, it is not required in every case. In re B.G., Cuyahoga App. No. 81982, 2003-Ohio-3256, ¶ 22, citing In re Shaeffer Children
(Nov. 26, 1986), Hamilton App. No. C-850878. Moreover, none of the cases cited by J.J. would require the court to make a sua sponte appointment in the absence of a request by the indigent party or his/her counsel.
 {¶ 9} This Court has recently held that where mental health is an issue, but not a predominant issue nor the determinative issue, in a permanent custody case, due process does not require the court to appoint a psychiatric expert to assist in the defense. In re B.G., supra, at ¶ 24. In that case, the court awarded permanent custody to CCDCFS based upon the parents' failure to remedy the conditions causing the children's removal and the termination of her parental rights. The court based the removal of J.D. upon the same finding. Ibid. The court did not explicitly nor solely base its decision to terminate the parental rights of J.J. in this case upon R.C. 2151.414(E)(2), which refers to chronic mental illness or chronic emotional illness of the parent. Thus, it cannot be said that J.J.'s mental health issues were the determinative factor in the court's decision. Following the reasoning employed by this Court in In re B.G.,
we find no merit to the assigned error, which is overruled.
 {¶ 10} The judgment is affirmed.
Judgment affirmed.
Frank D. Celebrezze, Jr., P.J., and Colleen Conway Cooney, J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The parties are referred to herein by their initials or title in accordance with this Court's established policy.