JOURNAL ENTRY AND OPINION
{¶ 1} Appellant-mother A.A.[1] ("appellant") appeals from the judgment of the Court of Common Pleas, Juvenile Division, that granted permanent custody of her child to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). For the reasons that follow, we affirm.
 {¶ 2} This case is a companion to In re M.W. [Father], Cuyahoga App. No. 83390. This Court denied a motion to consolidate these appeals on July 15, 2004. Nonetheless, appellant attempts to incorporate by reference the brief filed by the appellant in Case No. 83390. "`The rules of appellate procedure do not permit parties to incorporate by reference arguments from other sources * * *. Pursuant to App.R.16, arguments are to be presented within the body of the merit brief. Therefore, we disregard any argument not specifically and expressly addressed in the appellate briefs.'" Willow Park Convalescent Home, Inc. v. CrestmontCleveland Partnership, Cuyahoga App. Nos. 81147, 81259, 2003-Ohio-172, quoting Powers v. Pinkerton, Inc., Cuyahoga App. No. 79333, 2001-Ohio-4119.
 {¶ 3} In her brief, appellant sets forth the following assignment of error:
 {¶ 4} "The trial court committed reversible error where it failed to sua sponte appoint a psychiatric expert for the indigent appellant whose mental health condition had been previously been [sic] established to the same trial court in a previous permanent custody motion hearing and her mental health condition was central to and inextricably intertwined with the predominant and determinative issues of this case."
 {¶ 5} A.A. maintains that she was denied due process by the trial court's failure to sua sponte order an independent mental health examination of her to aid in defense of the agency's effort to obtain permanent custody. While it is true that the due process clause of the United States Constitution may require the court to appoint a psychiatrist to assist an indigent parent in permanent custody proceedings where mental health is made an issue, it is not required in every case.In re J.D., Cuyahoga App. No. 82898, 2004-Ohio-358, citing In re B.G.,
Cuyahoga App. No. 81982, 2003-Ohio-3256, P22, citing In re ShaefferChildren (Nov. 26, 1986), Hamilton App. No. C-850878.
 {¶ 6} None of the cases cited by A.A. would require the trial court to make a sua sponte appointment in the absence of a request by the indigent party or his/her counsel. Appellant does not dispute appellee's contention that she never made a request for the appointment of such expert assistance. The record further reflects that appellant had psychiatric and/or psychological assistance, treatment, and evaluations and, in fact, her treating psychiatrist testified on her behalf.
 {¶ 7} This Court has further held that where mental health is an issue, but neither a predominant issue nor the determinative issue, in a permanent custody case, due process does not require the court to appoint a psychiatric expert to assist in the defense. In re B.G., supra, at P24; accord In re J.D., supra. In those cases, the courts awarded permanent custody to CCDCFS based upon the parents' failure to remedy the conditions causing the childrens' removal and the termination of the parental rights. The court based the removal of M.W. upon the same finding. Ibid. In the case at bar, the court neither explicitly nor solely based its decision to terminate the parental rights of A.A. upon R.C. 2151.414(E)(2), which refers to chronic mental illness or chronic emotional illness of the parent. Thus, it cannot be said that A.A.'s mental health issues were the determinative factor in the court's decision. Following the reasoning employed by this Court in In re B.G.
and In re J.D. we find no merit to the assigned error, which is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Corrigan, J., Concur.
[1] The parties are referred to herein by their initials in accordance with this Court's established policy.